## IN THE UNITED STATES DISTRICT COURT FOR THE
## NORTHERN DISTRICT OF FLORIDA
## TALLAHASSEE DIVISION

**JAMES V. SMITH, JR.,**

     **Plaintiff,**

**v.**                                  **Case No. 4:15cv53-RH/CAS**

**ADAM VAN, et. al.,**

     **Defendants,**

_____/

## REPORT AND RECOMMENDATION

On May 5, 2015, Plaintiff James Smith, an inmate at Cross City

Correctional Institution (Cross City), proceeding pro se, filed an amended

civil rights complaint against Defendants pursuant to 42 U.S.C. § 1983.

ECF No. 8.  Plaintiff's complaint alleges First and Eighth Amendment

violations in connection with events that took place between November

2012, and January 2013, while Plaintiff was incarcerated at Taylor

Correctional Institution (Taylor).  _Id._  On October 30, 2015, Defendants filed

a motion to dismiss Plaintiff's complaint for failing to exhaust available

administrative remedies.  ECF No. 31.  On December 31, 2015, Plaintiff

filed an amended response to Defendants' motion to dismiss.  ECF No. 38.

## Plaintiff's Amended Civil Rights Complaint

In his amended complaint, Plaintiff alleges that his First Amendment rights were violated by prison officials' removing his filed grievances from a secure location, causing him to be unable to actually file a grievance.  ECF No. 8 at 13.  Plaintiff alleges that his Eighth Amendment rights were violated by prison officials handcuffing and beating him, as well as attempting to incite a racial incident against him.  *Id.*  Plaintiff seeks declaratory judgment against Defendants, compensatory and punitive damages for his physical and emotional injuries, a jury trial, and legal costs. *Id.* at 14.

## Defendants' Motion to Dismiss

Defendants argue that Plaintiff has not filed any informal or formal grievances relating to these alleged constitutional violations and, thus, has not exhausted his administrative remedies before filing suit.  ECF No. 31 at 3.  In support of this claim, Defendants provide records from the Florida Department of Corrections (FDOC) showing that Plaintiff filed only one administrative appeal, which was filed after being transferred to Cross City. *Id.*, Ex. 1, 2.  The FDOC records do not show that Plaintiff filed any informal or formal grievances.  *Id.*

## Plaintiff's Amended Response to Defendants' Motion

In his amended response, Plaintiff reiterates that prison officials prevented him from filing grievances, which is part of the substance of this action.  ECF No. 38 at 2.  Further, Plaintiff argues that he and his sister made numerous attempts to resolve the issues at the institutional level.  *Id.* at 1.  In support, Plaintiff has attached notes that his sister kept regarding her correspondence with Plaintiff and prison officials.  *Id.* at 3-14.

## Analysis

Under the Prison Litigation Reform Act (PLRA), "[n]o action shall be brought with respect to prison conditions under section 1983 of this title…by a prisoner…until such administrative remedies as are available are exhausted."  42 U.S.C. § 1997e(a).  Courts do not have discretion to waive this exhaustion requirement.  <u>Alexander v. Hawk</u>, 159 F.3d 1321, 1325 (11th Cir. 1998).  Under the Florida Administrative Code, prisoners must follow a three-step grievance procedure to exhaust available administrative remedies.  Fla. Admin. Code RR. 33-103.005-.007.  This procedure involves filing an informal grievance, then a formal grievance, then an administrative appeal.  *Id.*  If the prisoner fulfills this three-step procedure, he has exhausted his available administrative remedies and may bring suit under § 1983.  42 U.S.C. § 1997e(a).

The purpose of the PLRA exhaustion requirement is to give prison officials "time and opportunity to address complaints internally before allowing the initiation of a federal case." Woodford v. Ngo, 548 U.S. 81, 93 (2006); *see* Jones v. Bock, 549 U.S. 199, 204 (2007) ("Requiring exhaustion allows prison officials an opportunity to resolve disputes concerning the exercise of their responsibilities before being haled into court."). The exhaustion requirement is also "designed to reduce the quantity and improve the quality of prisoner suits." Porter v. Nussle, 534 U.S. 516, 516 (2002).

Defendants submitted evidence showing Plaintiff did not file either an informal or formal grievance. ECF No. 31, Ex. 1, 2. Plaintiff disputes that, contending that "at Taylor Correctional Institution, [he] filed both, an informal and formal grievance." ECF No. 38 at 1. Plaintiff points out in his amended response that he attempted to file grievances at Taylor C.I., but was unable to do so because unidentified prison officials removed his grievance from its secure location. ECF No. 38 at 2. Indeed, one claim in the complaint is the "[i]nability to file prison grievance, [sic] due to staff removing them from secure location . . . ." ECF No. 8 at 13. Plaintiff alleged in the complaint that after he submitted an informal grievance on or about December 28, 2012, Defendant Murphy told Plaintiff he had seen the

grievance Plaintiff wrote against Murphy.  ECF No. 8 at 11.  Plaintiff, thus, contends that the grievance process was not available to him because prison officials prevented him from using the grievance process.  ECF No. 38 at 2.

It is undisputed that Plaintiff did submit a grievance appeal after being transferred to Cross City C.I.  ECF No. 31, Ex. 1.  Within that appeal, Plaintiff said it was his third attempt "to file a grievance."  *Id.* at 4.  Plaintiff said he had "submitted an informal as well as a formal grievance and [had] received no reply."  *Id.*  Plaintiff said he had placed those grievances in the "lockbox at Taylor" and explained that the appeal, dated March 3, 2013, was his first opportunity to follow up on his previous submissions due to transfers, placement in confinement, and the fact that his "repeated requests for grievance forms were ignored while in confinement."  *Id.* That appeal was rejected "without action" because "[r]eview of the electronic grievance log reveal[ed Plaintiff] never filed a formal grievance on this issue while at Taylor."  ECF No. 31, Ex. 1 at 3.  The appeal response also noted Plaintiff was "well beyond the time frame to file a grievance."  *Id.*

In Bryant v. Rich, 530 F.3d 1368 (11th Cir. 2008), the Eleventh Circuit considered a similar situation.  One of the plaintiffs (Priester) had not filed

grievances because his requests for forms "were either unanswered or denied." *Id.* at 1373.  Priester was later transferred to a different prison.  *Id.* at 1371.  The Eleventh Circuit found that, even assuming that remedies were unavailable to Priester at the first prison, remedies were available to Priester at the second prison.  *Id.* at 1373.  The court found that Priester "could have exhausted his administrative remedies by filing a grievance at [the second prison] and then by showing good cause for its tardiness." *Id.* However, because Priester did not do this, the court found that he did not exhaust available administrative remedies.  *Id.* at 1378.

Florida grievance procedures allow an inmate to request an extension of time to file a grievance.  Fla. Admin. Code R. 33-103.011.  The inmate must "clearly demonstrate[]…to the satisfaction of the reviewing authority…that it was not feasible to file the grievance within the relevant time periods and that the inmate made a good faith effort to file in a timely manner." *Id.*  Plaintiff did this.  Plaintiff said that he filed grievances but did not get a reply.  Plaintiff alleged in the complaint that one of the named Defendants saw his grievance and told Plaintiff he had seen it.  Plaintiff's contention then is that the grievance was never turned in because prison officials removed it, thwarting his efforts to pursue administrative remedies. Plaintiff also said that while in confinement after the incident at issue, his

"repeated requests" for grievances were ignored.  He explained that he was then transferred to a county jail and said it was his first opportunity to submit the appeal, which was his third attempt to grieve the issue.  Unlike the prisoner in <u>Bryant v. Rich</u>, Plaintiff did avail himself of the grievance process after being transferred to another institution.  The fact that his appeal was returned without action does not mean that Plaintiff did not do all that the rules required him to do.  Plaintiff explained the reason for his delay and the circumstances surrounding his efforts to grieve the issue. There is discretion by the official reviewing the grievance appeal to accept or reject an inmate's explanation.  The discretionary decision of prison officials in accepting or rejecting a grievance appeal should not control this Court's decision in determining whether Plaintiff exhausted administrative remedies.

The purpose of the grievance process is "reduce the quantity and improve the quality of prisoner suits; to this purpose, Congress afforded corrections officials time and opportunity to address complaints internally before allowing the initiation of a federal case."  <u>Porter</u>, 534 U.S. at 516 (2002) (internal quotation marks and citations omitted) (quoted in <u>Bryant</u>, 530 F.3d at 1375).  Plaintiff's amended response to the motion to dismiss shows that prison officials had that opportunity.  See ECF No. 38.  When

Plaintiff's efforts to file grievances were thwarted by the alleged removal of his grievances, and his efforts to access the grievance process were stymied by the refusal to provide him more grievance forms, Plaintiff's sister began contacting prison officials from outside the prison on his behalf.  The issues in this case were the subject of an Inspector General's investigation.  When Plaintiff was able to do so, he again sought to pursue administrative remedies after being transferred to another institution.  He explained why he was unable to do so earlier.  It is difficult to imagine what more Plaintiff should have done.

In reviewing a motion to dismiss asserting failure to exhaust, courts must first look to "the factual allegations in the defendant's motion to dismiss and those in the plaintiff's response, and if they conflict," the plaintiff's version of the facts must be taken as true.  Turner v. Burnside, 541 F.3d 1077, 1082 (11th Cir. 2008).  "If, in that light, the defendant is entitled to have the complaint dismissed for failure to exhaust administrative remedies, it must be dismissed."  Burnside, 541 F.3d at 1082 (citing Bryant, 530 F.3d at 1373–74).  Plaintiff's version, accepted as true, is that Plaintiff filed informal and formal grievances, which were thwarted. He then sought to file an appeal after being transferred to an outside jail and returned, although the reviewer rejected his appeal.  This Court should

find that Plaintiff complied with FDOC rules and exhausted his available

administrative remedies.  Defendants' motion to dismiss should be denied.

## Recommendation

It is therefore respectfully **RECOMMENDED** that Defendants' motion

to dismiss, ECF No. 31, be **DENIED,** Defendants be required to file an

answer to Plaintiff's amended complaint, ECF No. 8, and this case be

**REMANDED** for further proceedings.

**IN CHAMBERS** at Tallahassee, Florida, on June 3, 2016.


**S/     Charles A. Stampelos**
**CHARLES A. STAMPELOS**
**UNITED STATES MAGISTRATE JUDGE**



## NOTICE TO THE PARTIES

**A party may file specific, written objections to the proposed findings and recommendations within 14 days after being served with a copy of this report and recommendation.  A party may respond to another party's objections within 14 days after being served with a copy thereof.  Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**