# IN THE UNITED STATES DISTRICT COURT FOR THE
## NORTHERN DISTRICT OF FLORIDA
## TALLAHASSEE DIVISION

JAMES V. SMITH, JR.,

      Plaintiff,

vs.                            Case No. 4:15cv53-RH/CAS

ADAM VAN, et al.,

      Defendants.

_____/

## REPORT AND RECOMMENDATION

Four dispositive motions are pending in this case: (1) motion to dismiss filed by Defendant Couliette, ECF No. 59; (2) a motion for summary judgment filed by Defendants Van and Bailey, ECF No. 88; (3) a second motion for summary judgment filed by Defendants Tadlock and Murphy, ECF No. 89; and (4) a motion to dismiss filed by Defendant Philman, ECF No. 92. Plaintiff has filed a response to the first motion to dismiss, ECF No. 63, filed by Defendant Couliette, and to the second motion to dismiss, ECF No. 97, filed by Defendant Philman. This Report and Recommendation addresses only the two motions to dismiss, ECF Nos. 59 and 92.

**Procedural History**

A motion to dismiss, ECF No. 31, was previously filed in this case asserting that Plaintiff's complaint should be dismissed because Plaintiff failed to exhaust administrative remedies. After consideration of Plaintiff's amended response, ECF No. 38, a Report and Recommendation was entered on June 3, 2016, recommending the motion be denied. ECF No. 43. Specifically, it was concluded that Plaintiff's efforts to access the grievance process were thwarted and, thus, the grievance process was essentially rendered unavailable to Plaintiff. Without objection, the Report and Recommendation was accepted and the motion to dismiss denied. ECF No. 44.

**Coulliette's Motion to Dismiss, ECF No. 59**

Defendant Coulliette filed a motion to dismiss which contends the claims are barred by the statute of limitations, ECF No. 59 at 5-6, although Defendant recognizes the Eleventh Circuit has not applied a one-year statute of limitations. Secondly, Eleventh Amendment immunity is raised to claims brought against the Defendant in his official capacity. *Id.* at 6-7. Third, Defendant contends Plaintiff has failed to state a plausible claim for

relief. *Id.* at 7-9. Fourth, it is again argued that Plaintiff failed to exhaust his administrative remedies. *Id.* at 9-13.

In response, Plaintiff argues that § 1983 actions are governed by the personal injury statute of limitations and his claims are timely. ECF No. 63 at 1. He contends the Eleventh Amendment immunity argument has already been decided, *id.*, as has the exhaustion argument. *Id.* at 2. Finally, Plaintiff contends he has provided sufficient facts showing "blatant intimidation" in support of an Eighth Amendment claim. *Id.*

## Philman's Motion to Dismiss, ECF No. 92

Defendant Philman raises Eleventh Amendment immunity, ECF No. 92 at 4-5, exhaustion, *id.* at 5, and failure to state a claim. *Id.* at 5-8. Plaintiff addresses each of those arguments in his response and urges the motion be denied. ECF No. 97.

## Standard of Review

The issue on whether a complaint should be dismissed pursuant to Fed. R. Civ. P. 12(b)(6) for failing to state a claim upon which relief can be granted is whether the plaintiff has alleged enough plausible facts to support the claim stated. Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007) (retiring the standard from Conley v.

Gibson, 355 U.S. 41, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949, 173 L.Ed. 2d 868 (2009) (quoting Twombly, 550 U.S. at 570, 127 S.Ct. 1955).[1] "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 677 (citing Twombly, 550 U.S. at 556); *see also* Speaker v. U.S. Dep't of Health, 623 F.3d 1371, 1380 (11th Cir. 2010). "The plausibility standard" is not the same as a "probability requirement," and "asks for more than a sheer possibility that a defendant has acted unlawfully." Iqbal, 556 U.S. at 677 (quoting Twombly, 550 U.S. at 556). A complaint that "pleads facts that are 'merely consistent with' a defendant's liability," falls "short of the line between possibility and plausibility." Iqbal, 129 556 U.S. at 677 (quoting Twombly, 550 U.S. at 557).

---

[1] The complaint's allegations must be accepted as true when ruling on a motion to dismiss, Oladeinde v. City of Birmingham, 963 F.2d 1481, 1485 (11th Cir. 1992), *cert. denied*, 113 S. Ct. 1586 (1993), and dismissal is not permissible because of "a judge's disbelief of a complaint's factual allegations." Twombly, 127 S.Ct. at 1965, (quoting Neitzke v. Williams, 490 U.S. 319, 327, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989)).

The pleading standard is not heightened, but flexible, in line with Rule 8's command to simply give fair notice to the defendant of the plaintiff's claim and the grounds upon which it rests. <u>Swierkiewicz v. Sorema</u>, 534 U.S. 506, 122 S.Ct. 992, 998, 152 L.Ed.2d 1 (2002). Pro se complaints are held to less stringent standards than those drafted by an attorney. <u>Wright v. Newsome</u>, 795 F.2d 964, 967 (11th Cir. 1986) (citing <u>Haines v. Kerner</u>, 404 U.S. 519, 520-521, 92 S.Ct. 594, 596, 30 L.Ed.2d 652 (1972)). Nevertheless, a complaint must provide sufficient notice of the claim and the grounds upon which it rests so that a "largely groundless claim" does not proceed through discovery and "take up the time of a number of other people . . . ." <u>Dura Pharm., Inc. v. Broudo</u>, 544 U.S. 336, 125 S.Ct. 1627, 161 L.Ed.2d 577 (2005) (quoted in <u>Twombly</u>, 550 U.S. at 558). The requirements of Rule 8 do "not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." <u>Iqbal</u>, 556 U.S. at 678-79, 129 S.Ct. at 1949. A complaint does not need detailed factual allegations to survive a motion to dismiss, but Rule 8 "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." 556 U.S. at 678, 129 S.Ct. at 1949. Thus, "conclusory allegations, unwarranted factual deductions or legal conclusions masquerading as facts will not prevent

dismissal."  Davila v. Delta Air Lines, Inc., 326 F.3d 1183, 1185 (11th Cir.

2003).

**Analysis**

**1.    Eleventh Amendment Immunity**

Plaintiff's amended complaint, ECF No. 8, did not specify the capacity

in which he sues the Defendants.  "[P]laintiffs are not required to designate

with specific words in the pleadings that they are bringing a claim against

defendants in their individual or official capacities, or both."  Young

Apartments, Inc. v. Town of Jupiter, 529 F.3d 1027, 1047 (11th Cir. 2008)

(citing Hobbs v. Roberts, 999 F.2d 1526, 1529-30 (11th Cir. 1993)).  "Thus,

while it is 'clearly preferable' that a plaintiff state explicitly in what capacity

defendants are being sued, 'failure to do so is not fatal if the course of

proceedings otherwise indicates that the defendant received sufficient

notice.'"  Moore v. City of Harriman, 272 F.3d 769, 772 (6th Cir. 2001)

(quoted in Young Apartments, 529 F.3d at 1047); *see also* Harris v.

Ostrout, 65 F.3d 912, 915 (11th Cir. 1995)(noting that a pro se complaint is

construed "more liberally than . . . the complaint of a represented party").

In Young Apartments, Inc., the Court explained that "[w]hen it is not

clear in which capacity the defendants are sued, the course of proceedings

typically indicates the nature of the liability sought to be imposed." 529

F.3d at 1047 (quoting <u>Jackson v. Georgia Dep't of Trans.</u>, 16 F.3d 1573,

1575 (11th Cir. 1994)). Additionally, courts should "consider such factors

as the nature of plaintiff's claims, requests for compensatory or punitive

damages," and the like. <u>Young Apartments</u>, 529 F.3d at 1047. In this

case, Plaintiff's complaint seeks "compensatory damages jointly and

severally" as well as "punitive damages against all Defendants." ECF No.

8 at 14. "In a § 1983 action, punitive damages are only available from

government officials when they are sued in their individual capacities."

529 F.3d at 1047 (citing <u>City of Newport v. Fact Concerts, Inc.</u>, 453 U.S.

247, 267, 101 S.Ct. 2748, 69 L.Ed.2d 616 (1981)); *see also* <u>Wynn v.</u>

<u>Southward</u>, 251 F.3d 588, 592 (7th Cir. 2001) (observing that a "request for

punitive damages suggests an intent to sue the officers in their individual

capacities"). Thus, it seems apparent that Plaintiff sues the Defendants in

their individual capacities.

However, to the degree Plaintiff's amended complaint should be

construed as having intended to sue Defendants in their official capacities,

such claims are barred by the Eleventh Amendment. <u>Virginia Office for</u>

<u>Prot. & Advocacy v. Stewart</u>, 563 U.S. 247, 253, 131 S. Ct. 1632, 1637,

179 L. Ed. 2d 675 (2011) (noting it "is the privilege of the sovereign not to be sued without its consent.").  Absent waiver by the state or valid abrogation by Congress, "federal courts may not entertain a private person's suit against a State."  <u>Stewart</u>, 563 U.S. at 254, 131 S. Ct. at 1638.  To the degree Plaintiff's complaint should be construed to have raised an official capacity claim, Defendants are entitled to claim Eleventh Amendment immunity.[2]  The motions to dismiss the amended complaint should be granted as to that issue.

## 2.    Statute of Limitations

Defendant Couliette argued that Plaintiff's amended complaint "should be barred based on the expiration of the statute of limitations addressing prisoner claims which deal with 'conditions of confinement.'" ECF No. 59 at 5 (citing FLA. STAT. § 95.11[(5)(g)] (2016)).  Defendant is aware, however, "of the 11th Circuit's current reluctance to apply the one-year statute of limitations based on ambiguity that exists due to no clear-cut decision within the state of Florida."  *Id.* at 6 (citing <u>Ealy v. GEO Group, Inc.</u>,

---

[2] Plaintiff asserted in response to the motions to dismiss that the issue of Eleventh Amendment immunity had already been "decided by the Court concerning this action."  ECF No. 63 at 1.  Plaintiff did not cite to the record in making that assertion, and the prior Report and Recommendation, ECF No. 43, did not address that issue.

667 F. App'x 739, 740, 2016 WL 3553141 (11th Cir. 2016)) (reaffirming that "the four-year residual limitations period under Florida's personal injury statute, Florida Statutes § 95.11(3)(p) [is applicable] to 42 U.S.C. § 1983 claims.").

The Eleventh Circuit has consistently held that Florida's four-year statute of limitations, FLA. STAT. § 95.11(3), for personal injury actions governs federal § 1983 claims brought in Florida. City of Hialeah, Fla. v. Rojas, 311 F.3d 1096, 1103 (11th Cir. 2002) ("Section 1983 claims are governed by the forum state's residual personal injury statute of limitations, which in Florida is four years."); Omar v. Lindsey, 334 F.3d 1246, 1251 (11th Cir. 2003) (per curiam) (holding that "[t]he applicable statute of limitations in a § 1983 lawsuit is the four-year Florida state statute of limitations for personal injuries" and citing Wilson v. Garcia, 471 U.S. 261, 276, 105 S.Ct. 1938, 85 L.Ed.2d 254 (1985)); Chappell v. Rich, 340 F.3d 1279, 1283 (11th Cir. 2003) (holding "Florida's four-year statute of limitations applies to such claims of deprivation of rights under 42 U.S.C. §§ 1983 and 1985."); Van Poyck v. McCollum, 646 F.3d 865, 867 (11th Cir. 2011) (recognizing that a § 1983 claim is subject to Florida's four-year personal injury statute of limitations); Wellons v. Comm'r, Ga. Dep't of

Corr., 754 F.3d 1260, 1263 (11th Cir. 2014) (citation omitted), cert. denied,

134 S.Ct. 2838 (2014) (reiterating that "[c]laims brought pursuant to 42

U.S.C. § 1983 are subject to the statute of limitations period governing

personal injury actions in the state where the action is brought.")); *see also*

Johnson v. Cert, No. 3:15-CV-1487-J-39JBT, 2017 WL 1365562, at *3

(M.D. Fla. Apr. 14, 2017); Taylor v. Florida Dep't of Corr., No. 4:16cv491-

MW/CAS, 2017 WL 1362130, at *2 (N.D. Fla. Feb. 23, 2017), report and

recommendation adopted sub nom., 2017 WL 1370731 (N.D. Fla. Apr. 10,

2017)).  Those holdings are in line with Supreme Court decisions on this

issue.  Owens v. Okure, 488 U.S. 235, 249-50 (1989) ("We accordingly

hold that where state law provides multiple statutes of limitations for

personal injury actions, courts considering § 1983 claims should borrow the

general or residual statute for personal injury actions."); Wilson v. Garcia,

471 U.S. 261, 279–280, 105 S.Ct. 1938, 85 L.Ed.2d 254 (1985) (citing

Owens, *supra*, and Wallace v. Kato, 549 U.S. 384, 387, 127 S. Ct. 1091,

1093, 166 L. Ed. 2d 973 (2007)).  In light of well established law, the

motion to dismiss based on the statute of limitations should be denied.

**3.    Exhaustion**

Both Defendants raise the exhaustion defense.  ECF No. 59 at 9;
ECF No. 92 at 5 (adopting the argument raised in the motions for summary
judgment, ECF Nos. 88 and 89).  It is argued that the Department of
Corrections' records show Plaintiff filed "a single appeal regarding the
issues in his complaint."  ECF No. 59 at 13.  That appeal "was returned
without further action because the Plaintiff failed to comply with FDOC
grievance procedures."  *Id.*  Defendants assert "there is no record that
Plaintiff ever filed any grievances with any institution regarding his
complaint."  *Id.*; *see also* ECF No. 88 at 13.

In response, Plaintiff points out that this issue has already been
resolved in this case.  ECF No. 97 at 1; ECF No. 63 at 2.  When this issue
was previously raised, Plaintiff argued that prison officials prevented him
from filing grievances.  ECF No. 38 at 2.  Plaintiff said he filed both an
informal and formal grievance while housed at Taylor Correctional
Institution.  ECF No. 38 at 1; *see also* ECF No. 8 at 10.  He pointed out that
one allegation of his complaint is that Defendant Murphy told him, "I saw
that grievance you wrote on me."  ECF No. 38 at 1 (citing ECF No. 8 at 11).
Plaintiff asserted that he was distressed about an obvious breach in the

grievance process, a process which he had been assured was "a secure process," but he contends it could not be secure if Defendant Murphy had seen his grievance. ECF No. 38 at 1. Plaintiff claimed that the grievances were removed from the box, preventing him from seeking relief through the administrative grievance process. ECF No. 38 at 2; *see also id.* at 8, 1.

The evidence in this case reveals that Plaintiff submitted a grievance appeal after being transferred to Cross City C.I. ECF No. 31, Ex. 1 (ECF No. 31-1). Within that appeal, Plaintiff said it was his third attempt to file a grievance. *Id.* at 4. Plaintiff said he had "submitted an informal as well as a formal grievance" in the lockbox at Taylor Correctional Institution in January 2013, but "received no reply." *Id.* Plaintiff also said that his grievance appeal, dated March 3, 2013, was his first opportunity to follow up on his previous submissions due to transfers, placement in confinement, and the fact that his "repeated requests for grievance forms were ignored while in confinement." *Id.* Plaintiff also said that he had been placed in administrative confinement on November 2, 2012, the day after the incident he was reporting, and held for 57 days. *Id.* Plaintiff's appeal was "returned without action" because "[r]eview of the electronic grievance log" indicated Plaintiff "never filed a formal grievance on [that] issue while at Taylor."

ECF No. 31, Ex. 1 at 3 (ECF No. 31-1 at 3). The response also noted that Plaintiff was "well beyond the time frame to file a grievance." *Id.*

"The Prison Litigation Reform Act of 1995 (PLRA) mandates that an inmate exhaust 'such administrative remedies as are available' before bringing suit to challenge prison conditions." Ross v. Blake, 136 S. Ct. 1850, 1854–55, 195 L. Ed. 2d 117 (2016) (quoting 42 U.S.C. § 1997e(a) and reiterating that "[a] prisoner need not exhaust remedies if they are not 'available.'"). The issue of whether a prisoner failed "to properly exhaust available administrative remedies under the PLRA should be treated as a matter in abatement." Bryant v. Rich, 530 F.3d 1368, 1374 (11th Cir. 2008) (cited in Turner v. Burnside, 541 F.3d 1077, 1082 (11th Cir. 2008)). Such a "defense is treated 'like a defense for lack of jurisdiction,' although it is not a jurisdictional matter." Bryant, 530 F.3d at 1374 (cited in Turner, 541 F.3d at 1082).

Ruling on a "motion to dismiss for failure to exhaust administrative remedies is a two-step process." Turner, 541 F.3d at 1082 (citation omitted). "First, the court looks to the factual allegations in the defendant's motion to dismiss and those in the plaintiff's response, and if they conflict, takes the plaintiff's version of the facts as true." *Id.* "If, in that light, the

defendant is entitled to have the complaint dismissed for failure to exhaust administrative remedies, it must be dismissed." *Id.* (citing to <u>Bryant</u>, 530 F.3d at 1373-74). "If the complaint is not subject to dismissal at the first step, where the plaintiff's allegations are assumed to be true, the court then proceeds to make specific findings in order to resolve the disputed factual issues related to exhaustion." <u>Turner</u>, 541 F.3d at 1082 (citing <u>Bryant</u>, 530 F.3d at 1373–74, 1376).[3] The burden of proof for evaluating an exhaustion defense rests with the defendant. <u>Jones v. Bock</u>, 549 U.S. 199, 127 S.Ct. 910, 921, 166 L.Ed.2d 798 (2007) ("We conclude that failure to exhaust is an affirmative defense under the PLRA, and that inmates are not required to specially plead or demonstrate exhaustion in their complaints."); <u>Turner</u>, 541 F.3d at 1082-83.

Here, Plaintiff's version of events and Defendants' version of events concerning exhaustion are disputed. Because they conflict, Plaintiff's version is accepted as true. 541 F.3d at 1082. Specifically, it is accepted that the grievance process was not available to Plaintiff because prison

---

[3] "Where exhaustion . . . is treated as a matter in abatement and not an adjudication on the merits, it is proper for a judge to consider facts outside of the pleadings and to resolve factual disputes so long as the factual disputes do not decide the merits and the parties have sufficient opportunity to develop a record." <u>Bryant</u>, 530 F.3d at 1376.

officials denied him grievance forms and those forms could only be obtained from prison officials because Plaintiff was held in confinement during the period in which he was required to file a grievance about the issue. "A remedy has to be available before it must be exhausted, and to be 'available' a remedy must be 'capable of use for the accomplishment of [its] purpose.'" Goebert v. Lee Cnty., 510 F.3d 1312, 1322–23 (11th Cir. 2007) (quoted in Turner, 541 F.3d at 1084). Administrative remedies were not available to Plaintiff, as has been previously decided, *see* ECF Nos. 43-44, and this argument should again be rejected.

## 4.    Fails to State a Claim

Both Defendant Philman, ECF No. 92 at 7-8, and Defendant Couliette, ECF No. 59 at 8-9, contend that Plaintiff did not demonstrate that they violated Plaintiff's rights or caused him any injury. In response, Plaintiff contends that Defendant Philman, as "the Officer in Charge (OIC) . . . shares in the responsibility and culpability for the brutality inflicted upon" him and is responsible "for the conduct of his staff, lack of proper training, supervision and institutional involvement (awareness) that allowed Defendants Van and Bailey to" assault him. ECF No. 97 at 1-2. Plaintiff argues that Defendant Philman had knowledge that Defendant Van had

"approximately 19 complaints in his personnel file for physical abuse of inmates" and, thus, his lack of response is "actionable."  ECF No. 97 at 2. As for Defendant Couliette, Plaintiff "contends that the Amended Complaint filed shows blatant intimidation in an environment where the Plaintiff had every reason to fear for his safety . . . ."  ECF No. 63 at 2.

The amended complaint alleged that on November 1, 2012, Defendant Van directed Plaintiff to come over to him.  ECF No. 8 at 7-8. When Plaintiff did so, Defendant Van told Plaintiff to cuff up and then led Plaintiff towards the Captain's Office.  *Id.* at 8.  En route, Defendant Van stopped to speak with Sergeant Bailey who opened the dining hall and Plaintiff was shoved into a corner by Defendant Van.  *Id.*  Defendant Van repeatedly hit Plaintiff in the face with his fists while Plaintiff was handcuffed behind his back and not resisting.  *Id.*  Plaintiff and Defendant Van skirmished as Van attempted to "hip toss" Plaintiff.  *Id.*  Plaintiff eventually fell to the ground and Van began kicking him.  *Id.*  Plaintiff was taken to medical where he reported only that he fell after being warned numerous times to keep his mouth shut.  *Id.* at 9.

Later that night Plaintiff telephoned his sister and told her what happened.  *Id.* at 9.  The next day, November 2, 2012, Plaintiff's sister

reported the incident to the Inspector General's Office. *Id.* at 9-10. Plaintiff

was then escorted to the O.I.C.'s office and placed into administrative

confinement. *Id.* at 10. After being released from confinement on or about

December 28, 2012, Plaintiff was assigned to M-1 Dorm and "wrote a

request to speak with someone in mental health due to the stress [he] was

dealing with." *Id.* On January 3, 2013, he was "summoned to the

Captain's office and questioned" about his request to mental health, his

intentions concerning the incident with Defendant Van, and asked if he

wanted to be returned to protective custody. *Id.* Plaintiff was returned to

confinement on January 10, 2013. *Id.* at 11.

In another incident in January 2013, Plaintiff alleged he was

"escorted by the entire [day] shift" to a small office. ECF No. 8 at 12.

Defendant Couliette was present while Plaintiff had a phone call with his

attorney. *Id.* While escorting Plaintiff back to his cell in handcuffs,

Defendant Couliette stopped and told the other officers, "Well, do what

you're gonna do." *Id.* at 13. Another officer said, "Nah, never mind" and

they continued to escort Plaintiff to his cell. *Id.* At some point later,

Defendant Couliette came up to Plaintiff and threatened him saying, "We

can do whatever we want to you," and "When are you gonna learn that you just can't win?" ECF No. 8 at 13.

As for the allegations against Defendant Couliette, Plaintiff did not sufficiently allege that Defendant Couliette injured Plaintiff or violated his rights. The complaint alleged, at most, that Plaintiff was intimidated by Defendant Couliette. Such actions, accepted as true, are unprofessional and unwarranted, but are not unconstitutional.

The allegations are not sufficient as an Eighth Amendment claim against Defendant Couliette because there are no allegations that Defendant Couliette used unnecessary or excessive force against Plaintiff or cause him any physical harm. Whitley v. Albers, 475 U.S. 312, 106 S. Ct. 1078, 89 L. Ed. 2d 251 (1986); Farmer v. Brennan, 511 U.S. 825, 835, 114 S. Ct. 1970, 128 L. Ed. 2d 811 (1994). Plaintiff's allegations do not allege any actual physical abuse or contact by Defendant Couliette, only an intimidating statement which could be construed as a verbal threat. Yet "verbal threats, without more," are insufficient "to state a cause of action under the Eighth Amendment." Chandler v. D.C. Dep't of Corr., 145 F.3d 1355, 1360 (D.C. Cir. 1998) (stating that "verbal threats, without more, may be sufficient to state a cause of action under the Eighth Amendment.")

(citing <u>Hudson v. McMillian</u>, 503 U.S. 1, 16, 112 S. Ct. 995, 117 L. Ed. 2d

156 (1992)(Blackmun, J., concurring)); *see also* <u>Hernandez v. Florida Dep't</u>

<u>of Corr.</u>, 281 F. App'x 862, 866 (11th Cir. 2008) (stating that "verbal abuse

alone is insufficient to state a constitutional claim.") (citing <u>Edwards v.</u>

<u>Gilbert</u>, 867 F.2d 1271, 1274 n.1 (11th Cir. 1989)).  The amended

complaint is insufficient to state an Eighth Amendment claim against

Defendant Couliette.

Plaintiff's amended complaint also does not allege a plausible First

Amendment claim against Defendant Couliette either.  Plaintiff's First

Amendment claim was against staff for removing his grievances.  ECF No.

8 at 13.  Plaintiff did not allege that Defendant Couliette was involved in

removing his grievances or thwarting his use of the grievance process.

The motion to dismiss should be granted as to the claim against Defendant

Couliette because Plaintiff did not allege sufficient facts to show that

Defendant violated his constitutional rights.

As for Defendant Philman, the amended complaint did not name him

as Defendant but, rather, asserted a claim against a "John Doe" Lieutenant

who was the Officer in Charge (O.I.C.).  ECF No. 8 at 1, 3.  Plaintiff

requested Defendant Philman be served with process after learning his

identity during discovery.  ECF Nos. 62, 67.  The claim against the O.I.C. is

also insufficient.  There are no facts alleged which reveal the O.I.C.

(Defendant Philman) was aware of potential harm to Plaintiff by Defendant

Van yet failed to protect him.  There are no factual allegations which state

that the O.I.C. was aware on November 1, 2012, that Defendant Van had a

history of assaulting inmates.  Plaintiff's assertion in his response to the

motion to dismiss that Defendant Van had "approximately 19 complaints in

his personnel file for physical abuse of inmates" does not provide a causal

connection because there are no facts alleged showing that Defendant

Philman knew what was in Defendant Van's personnel file.  Moreover, it is

not alleged that any or all of the complaints were found to be true or that

the complaints occurred at Taylor Correctional Institution.

Instead, Plaintiff's claim is based on the doctrine of respondeat

superior which does not provide a basis for recovery under § l983.  Harvey

v. Harvey, 949 F.2d 1127, 1129 (11th Cir. 1992) (citing Monell v. Dep't of

Social Services, 436 U.S. 658, 98 S. Ct. 2018, 56 L. Ed. 2d 611 (1978);

Belcher v. City of Foley, Ala., 30 F.3d 1390, 1396-97 (11th Cir. 1994)

(noting that a supervisor can only be held liable "when there is a causal

connection between actions of the supervising official and the alleged

constitutional deprivation.").  "A necessary causal connection can be established if: (1) the supervisor knew about and failed to correct a widespread history of abuse; or (2) the supervisor's custom or policy resulted in a constitutional violation; or (3a) the supervisor directed the subordinate to act unlawfully; or (3b) the supervisor knew that the subordinate would act unlawfully and failed to stop him from acting unlawfully."  Oliver v. Whitehead, No. 3:14-CV-1506-J-39JRK, 2017 WL 26860, at *6 (M.D. Fla. Jan. 3, 2017) (citing Harrison v. Culliver, 746 F.3d 1288, 1298 (11th Cir. 2014), and Cottone v. Jenne, 326 F.3d 1352, 1360 (11th Cir. 2003)).  As noted above, there is no causal connection between Defendant Philman as the O.I.C. and the other Defendants.  There are no allegations that Defendant Philman created a policy which was followed by the other Defendants, or that Defendant Philman directed any actions of the other Defendants.  Finally, there are no allegations that Defendant Philman, or any other supervisor, was aware that Defendant Van who unlawfully assault Plaintiff.  The motion to dismiss the complaint against Defendant Philman should be granted.

## RECOMMENDATION

It is respectfully **RECOMMENDED** that Defendant Couliette's motion to dismiss, ECF No. 59, be **GRANTED** because Plaintiff's amended complaint, ECF No. 8, fails to state a claim against that Defendant.  It is also **RECOMMENDED** that Defendant Philman's motion to dismiss, ECF No. 92, be **GRANTED** because Plaintiff's amended complaint, ECF No. 8, fails to state a claim against him.  Finally, it is **RECOMMENDED** that this case be **REMANDED** for further proceedings.

**IN CHAMBERS** at Tallahassee, Florida, on May 2, 2017.


S/    Charles A. Stampelos
**CHARLES A. STAMPELOS**
**UNITED STATES MAGISTRATE JUDGE**


### NOTICE TO THE PARTIES
**Within fourteen (14) days after being served with a copy of this Report and Recommendation, a party may serve and file specific written objections to these proposed findings and recommendations.  Fed. R. Civ. P. 72(b)(2).  A copy of the objections shall be served upon all other parties.  A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. Fed. R. Civ. P. 72(b)(2).  Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control.  If a party fails to object to the Magistrate Judge's findings or recommendations as to any particular claim or issue contained in this Report and Recommendation, that party waives the right to challenge on appeal the District Court's order based on the unobjected-to factual and legal conclusions.  *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.**